Leo P. Flangas, Esq.
Nevada Bar No.: 5637
Thomas M. Fronczek, Esq.
Nevada Bar No.: 11380
FLANGAS LAW FIRM, LTD.
600 S. Third Street
Las Vegas, NV 89101
Telephone: (702) 384-1990
Facsimile: (702) 384-1009
*Attorney for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America ex rel. Bryan Quesenberry,<br><br>                    Plaintiffs,<br><br>    v.<br><br>Passive Income Advisors, LLC, and Gena Lofton,<br><br>                    Defendants. | CASE NO. 2:20-cv-01537-RFB-MDC<br><br>**ERRATA TO DEFENDANTS' REPLY IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT** |

COMES NOW Defendants, Passive Income Advisors, LLC and Gena Lofton, individually, by and through their counsel of record, Leo P. Flangas, Esq., and Thomas M. Fronczek, Esq., of FLANGAS CIVIL LAW FIRM, and hereby respectfully submit this Errata to correct a factual misstatement contained in the Reply in Support of Second Motion for Summary Judgment [ECF No. 66], filed on September 11, 2025.

### Corrected Statement Regarding SBA Official Tom Martin

### INTRODUCTION

On page 7-8 of the Reply, Defendants included the following paragraph concerning Small Business Administration (SBA) official Tom Martin:

1

Compounding these evidentiary deficiencies, Defendants were denied access to critical testimonial evidence that would have further undermined the Government's theories. Specifically, Defendants sought to depose Mr. Tom Martin, a senior SBA official who had direct communication with Ms. Lofton between 2020 and 2024 and had firsthand knowledge of her cooperation, disclosure history, and the SBA's response. The DOJ blocked this deposition, invoking agency privilege and internal protocols, effectively shielding the Government's own key witness from cross-examination. This deliberate obstruction deprived Defendants of a material source of evidence that would have illuminated the SBA's internal view of materiality and Ms. Lofton's conduct, and it further reinforces why summary judgment is inappropriate.

Upon further review, Defendants acknowledge that this language overstated the nature of the communications regarding Mr. Martin. No formal deposition notice was issued for Mr. Martin, and the Department of Justice did not transmit a written invocation of agency privilege or official instruction blocking a deposition. The paragraph was based on a good-faith belief at the time by the drafting attorney, but requires clarification.

In fact, the events surrounding Mr. Martin occurred as follows:

Ms. Lofton maintained contact with Mr. Martin, who was her primary point of contact at the SBA from approximately 2020 through early 2024. Shortly before her April 2025 deposition, Ms. Lofton had arranged to meet Mr. Martin for lunch to discuss the possibility of him providing a declaration or testimony concerning her good-faith efforts to comply with the PPP rules and guidance. Mr. Martin canceled the meeting at the last minute and ceased responding to communications.

In April 2025, undersigned counsel reached Mr. Martin by telephone. Mr. Martin stated that he was then on administrative leave and that he had been contacted by "some lawyers for the government" who had instructed him not to speak to anyone about the case, including defense counsel. When asked for the names or agencies of those individuals, Mr. Martin indicated he was

away from his home but would send the information later. He did not follow up and has not responded to further inquiries.

Based on that conversation and Mr. Martin's subsequent silence, Defendants concluded that Mr. Martin had been informally instructed not to testify or engage with the defense. While no formal notice of deposition was issued (though the government has acknowledged that mention was made of a potential deposition of Mr. Martin by undersigned counsel) and no explicit written agency invocation of privilege was received, these circumstances made clear that Defendants were functionally unable to obtain testimony from a fact witness with potentially relevant insight into Ms. Lofton's interactions with the SBA and her compliance efforts.

**Relief Requested**

Defendants respectfully request that the Court disregard the originally quoted paragraph and instead consider the corrected version set forth in this Errata. Defendants regret any confusion or mischaracterization and submit this Errata to ensure the record is accurate and complete.

DATED this 15th day of September, 2025.


/s/ Leo Flangas

Leo P. Flangas, Esq.
FLANGAS CIVIL LAW FIRM, LTD.
Nevada Bar No. 5637
*Attorney for Defendants*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2025, service of the foregoing

document was made by submission via the Court's electronic service system to the following

counsel of record:

/s/ *Ami Rebecca Meyers*
An employee of Flangas Civil Law Firm