BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JAMIE ANN YAVELBERG
COLIN M. HUNTLEY
JARED S. WIESNER (District of Columbia Bar No. 976856)
PATRICK T. O'HARE (Texas Bar No. 24131554)
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
Phone: 202-353-1274
Fax: 202-541-0280
jared.s.wiesner2@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

United States of America ex rel. Bryan Quesenberry,

Plaintiffs,

v.

Passive Income Advisors, LLC, and Gena Lofton,

Defendants.

Case No. 2:20-cv-01537-RFB-MDC

**PLAINTIFF UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR MEDIATION VIA VIDEOCONFERENCE AND REQUEST FOR ATTENDANCE EXCEPTION**

On September 11, 2025, the Court set a settlement conference in this case for 9:00 a.m. on November 14, 2025 in person (the "Mediation"). (ECF No. 67 at 1.) The Court required that any party "may file and serve a motion or stipulation requesting remote appearance no later than three (3) weeks prior to the mediation and must show good cause for remote appearance." (ECF No. 67 at 2.) The Court additionally required that "an officer or representative with binding authority to settle this matter up to the full amount of the claim . . . must attend the mediation unless the Court enters an order granting a request for exception." (ECF No. 67 at 1–2.)

Plaintiff United States of America submits this unopposed motion to hold the Mediation via videoconference and unopposed request for an exception to the Court's requirement that an officer with binding settlement authority be present for the Mediation.

## I. UNOPPOSED MOTION FOR MEDIATION VIA VIDEOCONFERENCE

The United States requests that the Court permit all parties to attend the Mediation remotely via Zoom or by a platform convenient for the Court. Counsel for the United States has conferred with counsel for Defendants, who agree that remote attendance will benefit all parties. [1]

Good cause exists for the Mediation to be held remotely. All parties have agreed to remote appearance, including the United States, Defendants, and Relator. Appearance in-person for the Mediation would impose unnecessary travel costs on counsel for the United States, who would be required to travel from Washington, D.C., on counsel for Defendants and Defendants' representative, who would be required to travel from California, and on Relator. Defendants also state that Ms. Lofton is currently recovering from surgery and that travel would be extremely difficult. The parties have held productive conferences via telephone and videoconference and are confident that the Mediation will be equally productive remotely. Remote appearance would conserve the resources of the parties and of the Court. Accordingly, the Court should grant the United States' unopposed motion for mediation via videoconference. A proposed order is attached to this motion.

[1] Counsel for Defendants has informed the undersigned counsel for the United States that Carolyn L. Oliver of Watson & Associates, LLC will soon be making an appearance on behalf of Defendants in this case. It is the United States' understanding that Ms. Oliver will take over as lead counsel, and the undersigned counsel conferred with Ms. Oliver in advance of filing this motion.

## II. UNOPPOSED REQUEST FOR ATTENDANCE EXCEPTION

The United States additionally requests that the Court waive the requirement that a representative of the United States with "binding authority to settle this matter . . . be present for the duration of the mediation." (ECF No. 67 at 1.) Defendants are unopposed to this request. The United States requests that the Court permit the United States to participate in the settlement conference only through the attendance of Department of Justice Trial Attorneys Jared S. Wiesner and Patrick T. O'Hare in accordance with Department of Justice regulations[2] and the impracticability—if not impossibility—of requiring high-ranking Department of Justice officials to be present during settlement conferences in litigation involving the United States. The Trial Attorneys will have authority to make a settlement recommendation but will need to seek approval from supervisors with settlement authority and agency concurrence in the event the parties reach an agreement in principle. In general, trial attorneys' recommendations with respect to a settlement are given great weight.

The Attorney General directs the conduct of litigation to which the United States or an agency is a party. 28 U.S.C. § 516. By regulation, the Attorney General has delegated full settlement authority only to the Deputy Attorney General, the Associate Attorney General, and the Assistant Attorneys General who head the litigating divisions of the Department of Justice. 28 C.F.R. § 0.160–0.161 (2025). The United States regularly participates in settlement conferences through its lead trial attorneys. It is the lead trial

[2] Deputy Director Colin M. Huntley of the Department of Justice's Civil Division, Commercial Litigation Branch, who has supervisory responsibility over this case for the Commercial Litigation Branch, will be available by telephone during the settlement conference.

attorneys who can engage most effectively in settlement discussions because they are in the best position to evaluate the case and fully explore settlement options.

The Assistant Attorney General for the Civil Division has redelegated settlement authority "of claims asserted by the United States in all cases in which the gross amount of the original claim does not exceed $10,000,000" to the "Branch, Office, and Staff Directors" of the assigned components. Civil Division Directive No. 1-15, 28 C.F.R. Part 0, Subpt. Y, App. The official with final settlement authority for this case is therefore the Director of the Commercial Litigation Branch, Fraud Section, Jamie Ann Yavelberg. To maintain effective administration of the Department of Justice, such high-ranking Department officials as Ms. Yavelberg are not present, as a matter of course, during the thousands of settlement conferences scheduled each year in cases being handled by the Department of Justice. *See United States v. Mendoza*, 464 U.S. 154, 159 (1984) ("It is not open to serious dispute that the Government is a party to a far greater number of cases on a nationwide basis than even the most litigious private entity…").

Ms. Yavelberg oversees a staff of over one hundred attorneys and other professionals handling thousands of cases. If officials such as her were required to be present during settlement conferences in the many cases under their authority, the work of the Department of Justice would be paralyzed. *See United States v. U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012), as amended (Oct. 16, 2012) ("The Assistant Attorney General is the lowest-ranking government official with authority to settle those claims under the Department's regulations. For her to prepare for and appear at all settlement conferences for all of those cases would be highly impractical, if not physically impossible.").

The Judicial Improvements Act of 1990 recognized that a representative of the United States with full settlement authority may not be able to—and need not be required to—be available during settlement conferences. That Act authorizes the district court, in formulating civil justice expense and delay reduction plans, to require "that, upon notice by the court, representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference." 28 U.S.C. § 473(b)(5).

Congress, however, specifically limited this authority to account for the special circumstances of the Attorney General. The next subsection, 28 U.S.C. § 473(c), provides that "[n]othing in a civil justice expense and delay reduction plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General." 28 U.S.C. § 473(c); *see also In re Towe*, No. CV 93-137-BLG-JDS, 1994 WL 486862, at *4 n.6 (D. Mont. Mar. 23, 1994) (bankruptcy court's order, which "require[d] a government official with ultimate settlement authority to appear at the settlement conference, conflict[ed] with the Judicial Improvements Act of 1990").

The Senate Report of the Judicial Improvements Act explains:

> [T]hose district courts that choose to [require the presence or availability of representatives with full settlement authority] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington. *Clearly the Department cannot realistically send officials with full settlement authority to each settlement conference.*

S. Rep. No. 416, 101st Cong., 2d Sess. 58 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6802, 6848 (emphasis added); *see also U.S. Dist. Court for N. Mariana Islands*, 694 F.3d at 1062 ("[T]he district court abused its discretion in ordering a government representative with full

settlement authority to appear in person for an initial settlement conference."). While Congress supported judicial encouragement of settlements by requiring attendance of representatives with settlement authority, it provided an exemption for the Department of Justice in light of its unique position.

The Federal Rules of Civil Procedure also recognize the unique status of the Department of Justice in settlement conferences. The Advisory Committee's notes to Rule 16(c)(9)[3] of the Federal Rules of Civil Procedure specifically state that "in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16(c)(9) advisory committee's notes to 1993 amendment.

The Department of Justice's longstanding policy of concentrating settlement authority in senior officials serves a number of legitimate policy goals. It affords high-level review of the settlement recommendations by trial attorneys, ensuring that there is a record of the justification for all settlements. Further, it fosters uniformity of settlements across the Department of Justice's nationwide docket of cases. And as a practical matter, officials with settlement authority cannot be present during every mediation or settlement conference.

To reconcile the Department of Justice's settlement authority policy with the United States' commitment to efficiently litigate and settle cases, the Department of Justice makes every effort to expedite authorization of settlement recommendations, and the absence of

[3] Rule 16(c) has been renumbered. Rule 16(c)(1) now states, in relevant part: "If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement."

on-the-spot authority to accept a settlement offer will not impair the settlement process. The Trial Attorneys who will attend the settlement conference have primary responsibility for litigating this case and negotiating any settlement, and they will be responsible for submitting a settlement recommendation to the official who has the ultimate authority to approve the settlement.

For the foregoing reasons, the United States respectfully requests that the Court waive the requirement that the United States' representatives at the settlement conference have full authority to settle the matter, and permit the United States to participate in the settlement conference through its Trial Attorneys, in accordance with Department of Justice regulations and procedures. A proposed order is attached to this request.

**CONCLUSION**

The United States respectfully requests that the Court grant its unopposed motion to hold the Mediation set for November 14, 2025 virtually via Zoom or by a platform convenient for the Court.

The United States additionally requests that the Court waive the requirement that a representative of the United States with "binding authority to settle this matter . . . be present for the duration of the mediation." (ECF No. 67 at 1.)

Respectfully submitted this 30th day of September, 2025.

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

*<u>/s/ Patrick T. O'Hare</u>*
JAMIE ANN YAVELBERG
COLIN M. HUNTLEY
JARED S. WIESNER
PATRICK T. O'HARE
Attorneys, Civil Division
U.S. Department of Justice

*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2025, I electronically transmitted the within and foregoing **PLAINTIFF UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR MEDIATION VIA VIDEOCONFERENCE AND REQUEST FOR ATTENDANCE EXCEPTION** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed as counsel in this case.

*/s/ Patrick T. O'Hare*
PATRICK T. O'HARE
Trial Attorney, Civil Division